1  Michael P. Lehmann (77152)
   **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
2  mlehmann@CMHT.com
   One Embarcadero Center
3  Suites 526 A & B
   San Francisco, CA 94111
4  Telephone: (415) 623-2047
   Facsimile: (415) 433-5994
5  [Additional counsel listed on signature page]

7  *Counsel for Plaintiffs and the Proposed Class*

9  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WON B. KANG and JOONG H. KANG, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KOREAN AIR LINES CO., LTD., and ASIANA AIRLINES, INC., <br><br> Defendants. | No. <br><br><br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Won B. Kang and Joong H. Kang ("Plaintiffs"), by and through their undersigned attorneys, complain and allege as follows:

**NATURE OF THE ACTION**

1. This action arises out of a long-running, international conspiracy, beginning no later than January 1, 2000, and continuing until at least July 16, 2006 (the "Class Period"), among defendants Korean Air Lines Co., Ltd., and Asiana Airlines, Inc. (collectively, "Defendants") to fix, raise, maintain, and/or stabilize passenger fares and wholesale fares charged for passenger air transportation between the United States and the Republic of Korea ("Korea"), in violation of Section 1 of the Sherman Antitrust, 15 U.S.C. § 1.

2. Plaintiffs bring this civil action on behalf of themselves and all others similarly situated, pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, seeking treble damages and injunctive relief against Defendants.

## JURISDICTION AND VENUE

3. This complaint is filed under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

4. The Court has original federal question jurisdiction over the Sherman Act claim asserted in this complaint pursuant to 28 U.S.C. §§1331 and 1337 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.

5. Venue is proper in this District pursuant to Sections 4(a) and 12 of the Clayton Act, 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b), (c), and (d) because Defendants reside, transact business, are found within, and/or have agents within this District and a substantial part of the events giving rise to Plaintiffs' claims occurred and a substantial portion of the affected interstate trade and commerce described below has been carried out in this District.

6. This Court has personal jurisdiction over Defendants because, *inter alia,* each: (a) transacted business in this District; (b) directly or indirectly sold and delivered passenger air transportation in this District; (c) has substantial aggregate contacts with this District; and (d) engaged in an illegal price-fixing conspiracy that was directed at, and had the intended effect of causing injury to, persons and entities residing in, located in, or doing business in this District.

## DEFENDANTS

7. Defendant Korean Air Lines Co., Ltd. ("Korean Air") is a corporation organized and existing under the laws of Korea. It is headquartered at Korean Air Operations Center, 1370, Gonghang-dong, Gangseo-gu, Seoul, Korea 157-712. Korean Air conducts passenger air transportation throughout the world, including flights to and from the United States and this District.

8. Defendant Asiana Airlines Inc. ("Asiana") is a corporation organized and existing under the laws of Korea. It is headquartered in Asiana Town, Kangseo, P.O. Box 98 #47, Osae-

1  Dong, Jangseo-Ku, Seoul, Korea. Asiana conducts passenger air transportation throughout the
2  world, including flights to and from the United States and this District.

### UNNAMED CO-CONSPIRATORS

9. On information and belief, at all relevant times, other airlines, entities, and/or persons willingly conspired with Korean Air and Asiana in their unlawful restraint of trade. All averments herein against Korean Air and Asiana are also averred against these unnamed co-conspirators as though set forth at length.

### AGENTS

10. The acts alleged to have been done by Defendants were authorized, ordered, or performed by their directors, officers, managers, agents, employees, or representatives while actively engaged in the management of Defendants' affairs.

### PLAINTIFFS

11. Plaintiff Won B. Kang is an individual resident of the State of Pennsylvania, residing at 5911 N. 5th Street, Philadelphia, Pennsylvania 19126. During the Class Period, Plaintiff purchased air transportation services from Korean Air and/or Asiana and has suffered pecuniary injury as a result of the antitrust violation alleged herein.

12. Plaintiff Joong H. Kang is an individual resident of the State of Pennsylvania, residing at 5911 N. 5th Street, Philadelphia, Pennsylvania 19126. During the Class Period, Plaintiff purchased air transportation services from Korean Air and/or Asiana and has suffered pecuniary injury as a result of the antitrust violation alleged herein.

### INTERSTATE TRADE AND COMMERCE

13. Throughout the Class Period, there was a continuous and uninterrupted flow of invoices for payment, payments, and other documents essential to the provision of passenger air transportation transmitted in interstate and foreign trade and commerce between and among offices of Defendants and their customers located throughout the world, including throughout the United States.

14. Throughout the Class Period, Defendants transported substantial numbers of

passengers, in a continuous and uninterrupted flow of interstate and foreign trade and commerce, between various airports in the United States and Korea.

15. Throughout the Class Period, Defendants' unlawful activities, as described herein, took place within and substantially affected the flow of interstate and foreign trade and commerce and had a direct, substantial and reasonably foreseeable effect upon commerce in the United States and elsewhere.

**FACTUAL ALLEGATIONS**

16. Korean Air is the largest passenger carrier between the United States and Korea, averaging more than $250 million per year on those flights. It operates passenger air transportation to 130 cities in 45 countries, including the United States. Asiana, the second largest passenger carrier between the United States and Korea, operates passenger air transportation to 73 international destinations in 17 countries worldwide, including the United States.

17. Defendants sold tickets to passengers directly at a published fare. The published fare included both a base fare and, at times during the Class Period, a fuel surcharge. The base fare and fuel surcharge charged to passengers by Defendants are collectively referred to herein as the "passenger fare."

18. Defendants also sold tickets to travel agents who resold these tickets to passengers. When Defendants sold tickets to travel agents for resale to passengers, they sold tickets at a discounted published fare, which is referred to herein as the "wholesale fare."

19. Beginning no later than January 1, 2000, and continuing through at least July 16, 2006, Defendants and their co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the price for passenger and wholesale fares charged for flights between the United States and Korea.

20. As part of their conspiracy, and in furtherance thereof, Defendants and their co-conspirators did those things that they conspired to do, including the following:

    a. Participating in meetings, conversations and communications in the United

States and elsewhere to discuss one or both components (the base fare and the fuel surcharge) of the passenger fares and wholesale fares to be charged for flights between the United States and Korea;

  b. Agreeing during such meetings, conversations and communications, on one or both components of the passenger fares and wholesale fares to charge on flights between the United States and Korea; and

  c. Levying passenger and wholesale fares on flights between the United States and Korea in accordance with the agreements reached; and

  d. Engaging in meetings, conversations, and communications in the United States for the purpose of monitoring and enforcing adherence to the agreed-upon passenger fares and wholesale fares.

21. As a direct and proximate result of the Defendants' conspiracy, Plaintiffs and each member of the Class have been injured and damaged.

## GOVERNMENT PROCEEDINGS

22. On August 1, 2007, the United States Department of Justice ("DOJ") filed a criminal information against Korean Air in the United States District Court for the District of Columbia, charging it with violating Section 1 of the Sherman Act, 15 U.S.C. § 1, for engaging in the price fixing conspiracy alleged herein, as well as a price fixing conspiracy directed at air cargo rates.

23. That same day, the DOJ announced that Korean Air had agreed to plead guilty and pay a $300 million fine for its participation in the two charged conspiracies. In confirming that it had agreed to plead guilty, Korean Air attorney Ahn Yong-Seok announced that Korean Air "apologises [sic] to shareholders and customers for causing trouble." He further stated that Korean Air's compliance officer would attempt to ensure future compliance with U.S. and global fair trade rules. Subsequent news reports indicated that Asiana may also be subject to potential fines.

24. On August 23, 2007, Korean Air entered a plea of guilty to two counts of violating

Section 1 of the Sherman Act and was sentenced to a criminal fine of $300 million. Final judgment to this effect was entered by Judge Bates in the United States District Court for the District of Columbia.

**FRAUDULENT CONCEALMENT**

25. Throughout the Class Period, Defendants affirmatively and fraudulently concealed their unlawful conduct against Plaintiffs and the Class.

26. Plaintiffs and the members of the Class did not discover, and could not discover through the exercise of reasonable diligence, that Defendants were violating the antitrust laws as alleged herein until shortly before this litigation was commenced. Nor could Plaintiffs and the members of the Class have discovered the violations earlier than that time because Defendants conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their activities through various other means and methods designed to avoid detection. The conspiracy was by its nature self-concealing.

27. Only on or about August 1, 2007, when the DOJ announced the charges against Korean Air for fixing passenger fares and wholesale fares was the existence of the conspiracy disclosed to the public. Plaintiffs and the members of the Class could not have discovered the unlawful conduct at an earlier date through the exercise of reasonable diligence because of Defendants' active and purposeful concealment of their unlawful activities.

28. Defendants engaged in a successful, illegal price-fixing conspiracy with respect to passenger air transportation passenger fares and wholesale fares, which they affirmatively concealed in at least the following respects:

    a. By agreeing among themselves not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of the illegal scheme;

    b. By engaging in secret meetings, telephone calls, and other communications in order to further their illicit cartel; and/or

    c. By giving false and pretextual reasons for their pricing of passenger fares and wholesale fares, and for the increases in those prices during the relevant period, and by

describing such pricing and increases falsely as being a result of external costs rather than collusion.

29. As a result of Defendants' fraudulent concealment of its conspiracy, Plaintiffs and the members of the Class assert the tolling of any applicable statute of limitations affecting the rights of action of Plaintiffs and the members of the Class.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action on her own behalf and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons and entities that purchased passenger air transportation that included at least one flight segment between the United States and the Republic of Korea from Defendants or any predecessor, subsidiary or affiliate thereof, at any time between January 1, 2000 and July 16, 2006. Excluded from the class are governmental entities, Defendants, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

31. Plaintiffs do not know the exact number of members of the Class because such information is in the exclusive control of Defendant. Due to the nature of the trade and commerce involved, however, Plaintiffs believe that Class members number at least in the thousands and are sufficiently numerous and geographically dispersed throughout the United States and the world so that joinder of all Class members is impracticable.

32. There are questions of law and fact which are common to the claims of Plaintiffs and the Class, including, but not limited to:

a. Whether Defendants engaged in a combination or conspiracy with their co-conspirators to fix, raise, maintain, and/or stabilize the prices for passenger fares and wholesale fares charged for flights between the United States and Korea;

b. Whether the purpose and/or effect of the acts and omissions alleged herein was to restrain trade, or to affect, fix, control, and/or maintain the prices for passenger fares and wholesale fares charged for flights between the United States and Korea;

c. The existence and duration of the horizontal agreements alleged herein to fix, raise, maintain, and/or stabilize the prices for passenger fares and wholesale fares charged for

flights between the United States and Korea;

      d.    Whether Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

      e.    Whether Defendants fraudulently concealed the alleged conspiracy so as to equitably toll any applicable statute of limitations;

      f.    Whether Defendants' agents, officers, employees, or representatives participated in correspondence and meetings in furtherance of the illegal conspiracy alleged herein, and, if so, whether such agents, officers, employees, or representatives were acting within the scope of their authority and in furtherance of Defendants' business interests;

      g.    Whether, and to what extent, the conduct of Defendants caused injury to Plaintiffs and members of the Class, and, if so, the appropriate measure of damages; and

      h.    Whether Plaintiffs and members of the Class are entitled to injunctive relief to prevent the continuation or furtherance of the violation of Section 1 of the Sherman Act alleged.

33.    Plaintiffs' claims are typical of the claims of the members of the Class.

34.    Plaintiffs will fairly and adequately assert and protect the interests of the Class. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the Class.

35.    Plaintiffs are represented by counsel competent and experienced in the prosecution of antitrust and class action litigation.

36.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

37.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

      a.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

      b.    The Class is readily definable and one for which records should exist in the

1  files of Defendant.

2          c.      Prosecution as a class action will eliminate the possibility of repetitious
3  litigation.

4          d.      Treatment as a class action will permit a large number of similarly situated
5  persons to adjudicate their common claims in a single forum simultaneously, efficiently, and
6  without the duplication of effort and expense that numerous individual actions would require.

7          e.      Class treatment will permit the adjudication of relatively small claims by
8  many Class members who otherwise could not afford to litigate an antitrust claim such as is
9  asserted in this complaint on an individual basis.

10     38.    This class action presents no difficulties of management that would preclude its
11  maintenance as a class action.

## COUNT I

### Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1

14     39.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth
15  herein.

16     40.    Defendants and their co-conspirators engaged in a continuing contract,
17  combination, and conspiracy to artificially fix, raise, maintain, and/or stabilize the prices of
18  passenger fares and wholesale fares for flights between the United States and Korea, in violation
19  of Section 1 of the Sherman Act, 15 U.S.C. § 1.

20     41.    Defendants and their co-conspirators agreed to, and did, in fact, restrain trade or
21  commerce by fixing, raising, maintaining, and/or stabilizing at artificial and non-competitive
22  levels, the prices of passenger fares and wholesale fares for flights between the United States and
23  Korea.

24     42.    In formulating and effectuating their contract, combination or conspiracy,
25  Defendants and their co-conspirators engaged in anticompetitive activities, the purpose and effect
26  of which were to artificially fix, raise, maintain and/or stabilize passenger fares and wholesale
27  fares. These activities included the following:

28

   a. Agreeing to charge prices for passenger fares and wholesale fares at certain levels and otherwise fix, raise, maintain and/or stabilize prices for passenger fares and wholesale fares; and

   b. Charging passenger fares and wholesale fares at agreed upon levels.

43. The illegal combination and conspiracy alleged herein had the following effects, among others:

   a. The prices charged by Defendants to, and paid by Plaintiffs and members of the Class for passenger and wholesale fares were fixed, raised, maintained and/or stabilized at artificially high and non-competitive levels;

   b. Plaintiffs and members of the Class have been deprived of free and open competition in the purchase of passenger air transportation between the United States and Korea;

   c. Plaintiffs and members of the Class have been required to pay more for passenger air transportation between the United States and Korea than they would have paid in a competitive marketplace absent Defendants' price-fixing conspiracy;

   d. Competition in the sale of passenger air transportation between the United States and Korea has been restrained, suppressed or eliminated.

44. As a direct and proximate result of Defendants' conduct, Plaintiffs and members of the Class were have been injured and damaged in their business and property in an amount to be determined according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A. That the Court determine that this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be give to members of the Class;

B. That the Court adjudge and decree that the contract, combination and conspiracy alleged herein is a *per se* unreasonable restraint of trade in violation of Section 1 of the Sherman

1 | Act;

2 |     C. That the Court enter judgment against Defendants, jointly and severally, in favor of Plaintiffs and the Class;

    D. That the Court award Plaintiffs and the Class treble damages;

    E. That the Court award Plaintiffs and the Class attorneys' fees and costs as well as pre-judgment and post-judgment interest as permitted by law;

    F. That Defendants and their co-conspirators, their respective successors, assigns, parents, subsidiaries, affiliates and transferees, and their respective officers, directors, agents and employees, and all other persons acting or claiming to act on behalf of Defendants or their co-conspirators, or in concert with them, be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining or renewing the combination, conspiracy, agreement, understanding or concert of action, or adopting any practice, plan, program or design having a similar purpose or affect in restraining competition; and

    G. That the Court award Plaintiffs and the Class such other and further relief as may be deemed necessary and appropriate.

Dated: October 23, 2007

Respectfully submitted,

By: /s/ Michael P. Lehmann
Michael P. Lehmann (77152)
**COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.**
One Embarcadero Center
Suites 526 A & B
San Francisco, CA 94111
Telephone: (415) 623-2047
Facsimile: (415) 433-5994
mlehmann@CMHT.com

Steven A. Kanner
Douglas A. Millen
Michael E. Moskovitz
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
skanner@fklmlaw.com; dmillen@fklmlaw.com; mmoskovitz@fklmlaw.com

Andrew B. Sacks
John K. Weston
**SACKS & WESTON**
114 Old York Road
Jenkintown, Pennsylvania 19046
Telephone: (215) 925-8200
Facsimile: (215) 925-0508
ABS@sackslaw.com; JKW@sackslaw.com